U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 05 2013

CHRIS R. JOHNSON, Clerk
By
　　　Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ANGELA MORGAN,<br><br>Plaintiff,<br><br>vs.<br><br>MRS BPO, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No.: 13-5158 JLH<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## I.   INTRODUCTION

1. This is an action for statutory damages brought by Plaintiff, Angela Morgan, an individual consumer, against Defendant, MRS BPO, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

1

### III. PARTIES

3. Plaintiff, Angela Morgan, is a natural person with a permanent residence in Springdale, Washington County, Arkansas 72076.

4. Upon information and belief, the Defendant, MRS BPO, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1930 Olney Avenue, Cherry Hill, Camden County, New Jersey 08003. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On or about August 3rd, 2012, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's friend, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8. On or about September 3, 2012, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to seize Plaintiff's bank accounts.

9. Defendant has no standing to commence seizure proceedings on behalf of the creditor.

10. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in seizure.

11. The representations made to Plaintiff by Defendant regarding seizure were false.

12. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

13. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

## V. CLAIM FOR RELIEF

14. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (b) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

   (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

   (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Angela Morgan, for statutory damages, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, MRS BPO, LLC, for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

D. For such other and further relief as the Court may deem just and proper.

*VI.   DEMAND FOR JURY TRIAL*

PLEASE TAKE NOTICE that Plaintiff, ANGELA MORGAN, demands trial by jury in this action.

Dated: July 27, 2013

RESPECTFULLY SUBMITTED,
By: /s/ _____
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road,
Suite 175
Norcross, GA 30093
Tel: 678-395-7795,
Fax: 866-929-2434
shireen@lawnorcross.com
*Attorneys for Plaintiff,*
*Angela Morgan*